Martin, J.
delivered the opinion of the court. In this case a re-hearing has been granted to the appellants.
They contend, that the provision of the civil code, that “no testament or codicil can take effect in the territory, until it has been presented to the judge of the parish, in which the testator died, if he died within the territory, or in which his principal estate lies, if he died out of the territory, and the said judge shall order the execution of the said testament or codicil, after its being opened and proved in the cases prescribed by law,” (Civ. Code 242, art. 453,) applies only to testaments and codicils made in the state.
This is said to be rendered clear from the latter words, "the said judge shall order the execution, &c. in the cases required by law.” These cases are said to be those of testament’s and codicils, made in this state and no other. And it is added, that when testaments or codicils are made according to the laws of, and with all the formalities required in, other states and countries, and are there proven, they do *648 not require to be proven here, and we are re-ferre to the civil Code 232, art. 109.
The distinction taken by the counsel does not appear to us within the letter nor within the spirit of the code, in which we are told that no testament or codicil can take effect in this territory until, &c. and this whether the testator died within or without it. Testaments made and proven abroad are not, produced to the judge to be proven: but yet the execution of them may be ordered. This appears particularly necessary in case of foreign wills, that copies, or the originals in some cases, may be exhibited in the court of probates and there registered, in order to perpetuate in favor of persons who may pay monies to the executor, the evidence of his authority. Foreign wills, which have been proven abroad, are to be presented although they require no additional proof, any more than authentic wills made here. And this article speaks of testaments to be presented to the judge, which the law does not require to be either opened or proven, after their being opened and proved in the cages prescribed by law.
In the other part of the code relied on, after the provision that the formalities, required in the confection of wills in the state, are matters of rigor, and the absence of any of them avoids *649 the will, the legislator next proceeds, “provided always that the testaments and codicis made in foreign countries, &c. shall take effect, if they be clothed with all the formalities prescribed in the place where they have been respectively made.’’ Civ. Code 232, art. 109.
Nothing here militates against the necessity of producing such testaments to the judge, in order that, if they be clothed with such formalities, the execution of them may be ordered.
II. It is next contended that the Civil Code 174, art. 127, requires the judge of the parish or of the parishes in which the deceased had moveable or unmoveable property, debts or credits, to make inventories of the same, &c. and the counsel contends that it follows, as a necessary consequence, that a curator is to be appointed in each of these parishes. This by no means follows. The parish judge cannot act out of the limits of his parish, he cannot go into a neighboring or distant one to make an inventory. Each judge must do so in his parish ex-necessitate rei, but these inventories must be cumulated in that parish in which the curator is appointed. He may go or send, and act by himself or attorney in every part of the state.
This curator is to be appointed by the judge *650 of the parish in which the deceased shall have died, if he died within the territory, or, if he died abroad, by the judge in whose parish the greatest portion of his estate shall be situated. 174, art. 131.
The counsel further complains that our judgment does not decide whether the parish judge of New-Orleans can retain in his hands the property which he has caused to be inventoried, or appoint a provisional curator thereto, until a person shall appear properly authorized to administer the estate.-Farther, that the judgment simply affirms the judgment of the court of probates; that we do not say what is to be its operation, and we do not determine what is to become of the injunction granted below.
The appellants prayed for the absolute curatorship of the estate-it was refused them-they appealed to this court, who think the curator-ship was properly denied. If there be any particular feature in the case, which requires the interference of the court of probates in any measure; this interference must be specifically prayed for, and we entertain no doubt that what ought to be, will be done. If it be not, the way to this court will remain open.
Upon the whole, it is ordered, adjudged and *651 decreed, that the judgment heretofore rendered in this case shall remain in full force and vigor, in the same manner as if no re-hearing had granted.
*** There was not any case determined in the month of August.